# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ronald W. Collins,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Ryan Bailey et al.,<br><br>　　　　　　Defendant(s). | 2:23-cv-00490-RFB-MDC<br><br>**Order** |

Pending before the Court is plaintiff Ronald W. Collins's *Motion for U.S. Marshal Serve-Process* (ECF No. 21) and *Motion for Identifying Unserved Defendants* (ECF No. 25).

## DISCUSSION

### I.     Motion for U.S. Marshal Service (ECF No. 21)

A screening order was issued on plaintiff's complaint, directing which of plaintiff's claims were allowed to proceed. ECF No. 20. Pursuant to the Federal Rules of civil Procedure Rule 4(m), service must be perfected within ninety (90) days from the date the complaint is filed. An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint. See 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3). For this rule to apply, the prisoner must (1) "request that the marshal serve [the] complaint," *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991), and (2) "furnish[ ] the information necessary to identify the defendant," *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Since plaintiff has timely requested service by U.S. Marshals, the Court GRANTS the Motion.

### II.    Motion for Identifying Unserved Defendants (ECF No. 25)

Plaintiff filed a *Motion for Identifying Unserved Defendants* (ECF No. 25). Since service by U.S. Marshals hasn't been effected as of yet, the Court DENIES the Motion as premature.

### III.   Acceptance of Service by Office of Attorney General

The Office of the Attorney General filed a *Notice of Acceptance of Service* (ECF No. 22), accepting service for defendants James Scally and Frank Dressen. The Office of the Attorney General filed a subsequent *Notice of Acceptance of Service* (ECF No. 27) accepting service for defendant Joseph Dugan. The Office of the Attorney General has not accepted service on behalf of defendant Ryan Bailey. *Id.* However, the Office of the Attorney General has filed, under seal, the last known address of defendant Bailey. ECF No. 23.

ACCORDINGLY,

**IT IS ORDERED that**:

1. Plaintiff's *Motion for U.S. Marshal Service* (ECF No. 21) is GRANTED.

2. Plaintiff's *Motion for Identifying Unserved Defendants* is DENIED WITHOUT PREJUDICE AS PREMATURE (ECF No. 25).

3. The Clerk of Court shall issue summonses for defendant Bailey, and deliver the same, to the U.S. Marshal with the address provided under seal. The Clerk of Court shall send sufficient copies of the complaint (ECF No. 9); the screening order (ECF No. 8); and this order to the U.S. Marshal for service on defendant Bailey. The Clerk of Court is directed to send to plaintiff sufficient USM-285 forms.

4. Plaintiff has 20 days within which to furnish to the U.S. Marshal the required USM-285 forms and return it to the U.S. Marshal, 333 Las Vegas Blvd. South, Suite 2058, Las Vegas NV 89101.

5. Within 20 days after plaintiff receives copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 7th day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge