# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ronald W. Collins,<br><br>        Plaintiff(s),<br><br>vs.<br><br>Ryan Bailey, *et al.*,<br><br>        Defendant(s). | **2:23-cv-00490-RFB-MDC**<br><br>**Order** |

Pending before the Court is plaintiff Ronald W. Collins's *Motion to Extend Time re Service on Defendant Ryan Bailey* ("Motion to Extend") (ECF No. 35). Plaintiff requests additional time to serve defendant Bailey due to unsuccessful service attempt by U.S. Marshals. ECF No. 35 at 1-2. The U.S. Marshal notified the Court that defendant Bailey does not reside at the address provided by the Office of the Attorney. ECF No. 33 at 3. The Court notes that plaintiff has been diligent in attempting service on defendants and therefore will grant plaintiff's *Motion to Extend Time* (ECF No. 35). The Court, recognizing the difficulties and obstacles an incarcerated pro se plaintiff faces regarding service, directs the Office of the Attorney General to investigate the whereabouts of the unserved defendant Ryan Bailey.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Extend Time* (ECF No. 35) is GRANTED.
2. The Office of the Attorney General must investigate the whereabouts of the unserved defendant Ryan Bailey, and file, under SEAL, a report that states:
    a. Whether the Office of the Attorney General was able to reach defendant Bailey;
    b. Whether the unserved defendant is willing to waive service; and

      c. What addresses the unserved defendant can be served at if they do not agree to waive service.

      d. In the alternative, the Office of the Attorney General may submit a Notice of Acceptance of Service if defendant Bailey agrees to representation.

3. The Clerk of Court is directed to send copies of the Office of the Attorney General's SEALED report to the U.S. Marshals, for the purposes of determining if service is necessary and where the defendant can be served.

4. The Clerk of Court is directed to reissue summons for defendant Bailey. Defendant Bailey's address must remain SEALED. The Clerk will also send sufficient copies of the Complaint (ECF No. 9), the Screening Order (ECF No. 8), the reissued summons, and this Order to the U.S. Marshal for service on defendant.

5. The Clerk of Court is directed to send to plaintiff sufficient USM-285 forms.

6. Plaintiff MUST fill out and return new USM-285 forms for defendant Bailey. Plaintiff has until **Wednesday, June 5, 2024**, to furnish to the U.S. Marshal the required USM-285 form with any relevant information as to defendant.

7. Within 20 days after plaintiff receives copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 6th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge