UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD W. COLLINS,<br><br>       Plaintiff,<br><br>   v.<br><br>RYAN BAILEY, *et al.*,<br><br>       Defendants. | Case No. 2:23-cv-00490-RFB-MDC<br><br>**ORDER** |

## I.   INTRODUCTION

During the January 24, 2025, hearing on Defendants' motion to dismiss the Second Amended Complaint ("SAC"), the Court granted in part and denied in part the Defendants' motion. This Order expands on the Court's reasoning as it pertains to the denial of the motion to dismiss the First Amendment retaliation claim against Defendant Ryan Bailey.

## II.   PROCEDURAL BACKGROUND

On April 4, 2023, Plaintiff Ronald Collins filed a complaint against several defendants for events that took place while incarcerated at High Desert State Prison. ECF No. 1. On April 1, 2024, Defendants Scally, Dreesen, and Dugan moved to dismiss the Complaint in lieu of providing an answer. ECF No. 30. On April 4, Plaintiff filed his opposition. ECF No. 32. Defendants replied. ECF No. 34. On January 24, 2025, the Court held a hearing on the motion to dismiss. ECF No. 45. For the reasons articulated on the record and incorporated by reference herein, the Court granted the motion to dismiss for all claims against Defendant Joseph Dugan, granted the motion to dismiss for the Fourteenth Amendment due process claim against Defendant Bailey, denied the motion to

1  dismiss for the First Amendment retaliation claim against Defendant Bailey, and dismissed
2  Defendants Warden Scally and Warden Dreesen from the case. Therefore, only Plaintiff's
3  retaliation claim against Officer Bailey was allowed to proceed. This Order follows.

### III.    FACTUAL ALLEGATIONS

The following allegations are taken from the Complaint.

Over the past four years, Plaintiff has been housed as a medical prisoner in a segregation unit. To talk on the phone in that unit, Plaintiff must send a kite to prison officials requesting to use the cordless phone at a specified date and time. On several occasions, Defendant Bailey handed Plaintiff a phone that had dead batteries, or that other prisoners had put non-chargeable batteries inside. On one occasion, Plaintiff noticed that the phone's seal had been removed and commented to Defendant Bailey about his failure to inspect the phone before giving it to Plaintiff. Plaintiff asked Defendant Bailey to start inspecting the phones before passing them out, but Defendant Bailey refused. Plaintiff tried to stop using the phone when Defendant Bailey worked.

On June 4, 2021, Plaintiff requested to make a legal phone call from 1:00 to 1:30 p.m. That day, Defendant Bailey brought Plaintiff a phone with dead batteries well after Plaintiff's requested time. In order to use the phone, Plaintiff had to ask a friend for AAA batteries because he could not find Defendant Bailey. While Plaintiff was talking on the phone, Defendant Bailey demanded the phone back. Plaintiff requested 10 to 15 minutes because he was on a legal call related to a breach of a settlement agreement with the NDOC medical department. Plaintiff alleges that Defendant Bailey was aware of this fact. Defendant Bailey demanded the phone. When Plaintiff refused to hang up his legal call, Defendant Bailey unplugged the phone from the unit office.

Per NDOC administrative regulation policy, a prisoner must attempt to resolve a dispute before filing an informal grievance. When Plaintiff asked to speak to the unit supervisor to discuss the phone issues, Defendant Bailey refused and walked away. For over an hour, Plaintiff requested a supervisor come to the unit. He asked Defendant Bailey and the tower unit officer working the unit.

Around 3:30 p.m. that same day, Defendant Bailey opened Plaintiff's food tray slot. Plaintiff kneeled and asked through the slot to see Defendant Bailey's supervisor. Defendant

1 Bailey said "no," and walked away without giving Plaintiff his diabetic dinner tray, but left the
2 slot open while Plaintiff was still talking.

3 At around 4:00 p.m., Sergeant Florio spoke to Plaintiff about the phone issue. She informed
4 Plaintiff that she would talk to Defendant Bailey and take care of the issue.

5 In retaliation for talking to Defendant Bailey's supervisor, he issued Plaintiff a notice of
6 charges for unauthorized use of equipment or mail (MJ31) and tampering with locking device
7 (MJ22). These charges led to a disciplinary hearing on August 8, 2021.

## IV. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## V. DISCUSSION

### A. First Amendment Retaliation Claim

The Court now turns to the merits of the First Amendment retaliation claim as alleged

against Defendant Bailey. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

In the SAC, Plaintiff has alleged facts sufficient to satisfy these elements. "First, the plaintiff must allege that the retaliated-against conduct is protected." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). The filing of a prisoner grievance is protected conduct. Id. (citing Rhodes, 408 F.3d at 568). Here, Plaintiff grieved to Sergeant Florio concerning Defendant Bailey's conduct. It does not matter that the grievance was oral, rather than written. See Jones v. Williams, 791 F.3d 1023, 1035-36 (9th Cir. 2015) ("Jones's [verbal] complaints of discrimination to his supervisors and statements of intention to file suit were conduct protected by the First Amendment."); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The district court should have recognized, therefore, that the form of the complaints—even if verbal, let alone, as here, written—is of no constitutional significance[.]"). In fact, "[t]he applicability of the constitutional right to redress of grievances does not hinge on the label the prison places on a particular complaint." Brodheim v. Cry, 584 F.3d 1262, 1267 n.4 (9th Cir. 2009).

"Second, the plaintiff must claim the defendant took adverse action against the plaintiff." Watison, 668 F.3d at 1114. Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." Id. (internal citations omitted); see also Thomas v. Carpenter, 881 F.2d 828, 829-30 (9th Cir. 1989) (finding that a plaintiff need only allege that the defendant acted with the intention of retaliating against the exercise of constitutionally protected conduct; the plaintiff need not allege that the adverse action deprived him of a separate constitutionally protected interest). Here, Defendant Bailey filed a notice of charges for unauthorized use of equipment or mail and tampering with a locking device. These allegedly false disciplinary charges are a sufficient adverse action. See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (upholding on appeal a § 1983 claim alleging that Defendant's

- 4 -

1  "charge was false and in retaliation for [Plaintiff's] use of the grievance system"); see also Ransom
2  v. Herrera, No. 111-cv-01709-LJOEPGPC, 2019 WL 2613524, at *8 (E.D. Cal. June 26, 2019),
3  report and recommendation adopted, No. 111-cv-01709-LJOEPGPC, 2019 WL 3337878 (E.D.
4  Cal. July 24, 2019) (finding that "the issuance of a false [charge] against Plaintiff in retaliation for
5  exercise of a constitutional right is a sufficiently adverse action to state a claim").

6  Next, Plaintiff must show that his protected activities were "the 'substantial' or
7  'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271 (some internal
8  quotation marks omitted) (quoting Soranno's Gasco, Inc v. Morgan, 874 F.2d 1310, 1314 (9th Cir.
9  1989)). A plaintiff must provide direct or circumstantial evidence of a defendant's alleged
10 retaliatory motive; mere speculation is not sufficient. McCollum v. Cal. Dep't of Corr. and Rehab.,
11 647 F.3d 870, 882 (9th Cir. 2011) (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002));
12 Wood v. Yordy, 753 F. 3d 899, 905 (9th Cir. 2014) (citations omitted). Circumstantial evidence
13 may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2)
14 defendant's expressed opposition to the protected conduct; or (3) other evidence showing that
15 defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882
16 (quoting Allen, 283 F.3d at 1077). Plaintiff pleads a chronology of events where, shortly after
17 engaging in the protected activity, or reporting Defendant Bailey's behavior to his supervisor,
18 Defendant Bailey filed the charges against him. See Pratt v. Rowland, 65 F.3d 802, 808 (9th
19 Cir.1995) (recognizing that "timing can properly be considered as circumstantial evidence of
20 retaliatory intent"); Watison, 668 F.3d at 1114 ("[A]llegation of a chronology of events from which
21 retaliation can be inferred is sufficient to survive dismissal.").

22 With respect to the fourth element, although Plaintiff must show his First Amendment
23 rights were "chilled," a prisoner need not show a total chilling of his First Amendment rights in
24 order to establish a retaliation claim. See Rhodes, 408 F.3d at 568-69 (rejecting argument that a
25 prisoner failed to state a retaliation claim where, after alleged adverse action, plaintiff nonetheless
26 had been able to file a grievances and lawsuit). Defendant's conduct, in imposing a disciplinary
27 charge, "would chill or silence a person of ordinary firmness from future First Amendment
28 activities." Id. at 568–69 (citation and internal quotation marks omitted).

Lastly, for his retaliation claim to survive, Plaintiff must allege that there was no legitimate penological reason supporting the filing of the charges. Id. at 567-68. A plaintiff may satisfy this element by pleading, "in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were unnecessary to the maintenance of order in the institution." Watison, 668 F.3d at 1114 (internal citations omitted). Plaintiff pleads the absence of a legitimate penological purpose by alleging that there is no written policy imposing a time limit on legal phone calls and that speaking through the food slot is not tampering with a locking device. The lack of a written policy, which would prevent the arbitrary and capricious imposition of disciplinary charges, is sufficient to allege that the charge for the unauthorized use of equipment or mail did not advance a legitimate penological goal. Further, the alleged facts, where Plaintiff spoke through the food slot, does not support a finding that filing a disciplinary notice for tampering with a locking device supported a legitimate penological goal in this instance or was the only avenue of furthering such a goal. See, e.g., Shepard v. Quillen, 840 F.3d 686, 693 (9th Cir. 2016) ("[T]here's virtually no evidence that Shepard needed to be transferred out of the general population for his own safety or to preserve the integrity of an investigation[.]"); Brodheim, 584 F.3d at 1272 (instructing courts to consider whether there are "ready alternatives available to the prison for achieving the governmental objectives").

Based on the foregoing, Plaintiff has alleged a cognizable retaliation claim against Defendant Bailey.

### B. Qualified Immunity

Defendant Bailey asserts that he is entitled to qualified immunity. "Qualified immunity protects government officials from civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Chappell v. Mandeville, 706 F.3d 1052, 1056 (9th Cir. 2013) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In deciding whether officers are entitled to qualified immunity, courts consider, taking the facts in the light most favorable to the nonmoving party, (1) whether the facts show that the officer's conduct violated a constitutional right, and (2) if so, whether that right was clearly established at the time. Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) (citing Saucier

1   v. Katz, 533 U.S. 194, 201 (2001)).

2   Under the second prong, courts "consider whether a reasonable officer would have had fair notice that the action was unlawful." Tarabochia, 766 F.3d at 1125 (brackets in original omitted). "This requires two separate determinations: (1) whether the law governing the conduct at issue was clearly established and (2) whether the facts as alleged could support a reasonable belief that the conduct in question conformed to the established law." Green v. City and Cnty. of San Francisco, 751 F.3d 1039, 1052 (9th Cir. 2014). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (brackets in original) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). While a case directly on point is not required for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Id. Further, the right must be defined at "the appropriate level of generality . . . [, and the court] must not allow an overly generalized or excessively specific construction of the right to guide [its] analysis." Cunningham v. Gates, 229 F.3d 1271, 1288 (9th Cir. 2000); see also Ashcroft, 563 U.S. at 741-42.

For the reasons stated above, the Court has already found that Plaintiff has sufficiently alleged that Defendant Bailey violated Plaintiff's First Amendment right by retaliating against him. Since Plaintiff's allegations adequately state a constitutional injury, the Court must determine whether that constitutional right was clearly established, at the time of the violation, to put Defendant Bailey on notice that his conduct was clearly unlawful. Robinson, 278 F.3d at 1015. The Court finds that it was.

The Ninth Circuit has long stated its "firm recognition that 'the prohibition against retaliatory punishment is 'clearly established law'. . . for qualified immunity purposes.'" Rhodes, 408 F.3d at 570 (citing Pratt, 65 F.3d at 806). Further, the Ninth Circuit "ha[s] long recognized that a corrections officer may not retaliate against a prisoner for exercising his First Amendment right to report staff misconduct." Shepard v. Quillen, 840 F.3d 686, 688-89 (9th Cir. 2016) ("Nor is there any doubt that Shepard's complaints about Quillen amounted to protected conduct."). The

Ninth Circuit has also held that "proximity in time between protected speech and the alleged retaliation" is evidence of adverse action. McCollum, 647 F.3d at 882. Finally, the Ninth Circuit has also repeatedly held that "'the mere threat of harm can be an adverse action' in the retaliation context." Brodheim, 584 F.3d at 1270; Shepard, 840 F.3d at 689.

Therefore, Defendant Bailey was on notice that when Plaintiff raised issues with Defendant Bailey's conduct to Sergeant Florio, he was engaging in protected conduct under clearly established law. See Shepard, 840 F.3d 686 (finding a retaliation claim where a prisoner plaintiff verbally reported an officer's conduct to a sergeant); Entler, 872 F.3d at 1031 (reversing district court's grant of qualified immunity on retaliation claim and holding there is no distinction, for retaliation claim purposes, between verbal threats to file and actually filing a lawsuit or grievance). Defendant Bailey was also on notice that filing a false disciplinary charge on the same day that Plaintiff engaged in that protected conduct is evidence of retaliation and constitutes an adverse action. See Hines, 108 F.3d at 267 (concerning an officer's "false retaliatory accusations" against a prisoner); McCollum, 647 F.3d at 882 (timing of the adverse action can be circumstantial evidence of a retaliatory motive). Here, construing the facts in the light most favorable to Plaintiff, his allegations suffice to state a claim that the alleged retaliatory conduct of filing a false disciplinary charge violated his clearly established right to engage in the prison grievance process. Therefore, Defendant Bailey is not entitled to qualified immunity at this stage of the case.

## VI.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss, (ECF No. 30), is **DENIED** in part and **GRANTED** in part. The motion is denied as to the claim of First Amendment retaliation against Defendant Bailey.

**DATED:** March 11, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**