## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Ronald W. Collins, | 2:23-cv-00490-RFB-MDC |
| Plaintiff, | |
| vs. | ORDER |
| Ryan Bailey, et al., | |
| Defendants. | |

Pending before the Court is *pro se* plaintiff Ronald W. Collins's *Motion for Transcripts* ("Motion") (ECF No. 50). For the reasons stated below, the Court DENIES the Motion.

## **DISCUSSION**

Plaintiff seeks copies of the transcript (ECF No. 48) for the January 24, 2025, hearing on the *Motion to Dismiss*. *See ECF Nos. 47, 50.* Plaintiff states that he cannot obtain a copy of the transcripts because the Law Library is unable to print them. *See ECF No. 50*. Although the transcript (ECF No. 48) is uploaded on the docket, it does not mean that plaintiff has access to it. If plaintiff seeks a copy of the transcript, he must order his own copy.

> There is a process for ordering transcripts after a hearing in this jurisdiction, referenced in the Local Rules and detailed on this Court's website. The Defendants argument is premised on the assumption that all such orders will necessarily have transcripts completed and filed. However, there is no such requirement in the Federal Rules of Civil Procedure or the Local Rules of this District…. [T]he process [for ordering transcripts] would be redundant if the Local Rules required the filing of transcripts. Transcripts are not loaded to the docket as a matter of course. Transcripts are only loaded to the docket if a party orders a transcript and requests delivery in that manner, or if a presiding judge, at her discretion, orders the transcript be loaded. The Local Rules state that transcripts of court proceedings are only provided to the parties if they order and pay for the transcripts; these fees are non-taxable. LR 54-3. The only type of hearing where the Court itself must order a transcript is an Evidentiary Hearing in a Death Penalty case. LSR 5-3 (emphasis added). The Court website has a section explaining how a party or counsel may order a transcript of a court proceeding.

*Owens v Dzurenda*, 2022 U.S. Dist. LEXIS 180471, at *13-14 (D. Nev. Sep. 30, 2022).

1 To the extent that plaintiff seeks a copy of the transcript on the government's expense, there is no cause to do so. As stated previously, the local rules require plaintiff to pay for his own copy of the transcript. To the extent that plaintiff seeks free copies because of his IFP status, that is insufficient to warrant free copies. *See* LSR 1-6 ("The granting of an application to proceed in forma pauperis does not relieve the applicant of the responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915."). There are very few instances where courts grant parties a copy of the transcript at the government's expense. "The court may grant a motion for transcripts at government expense only if the trial judge or circuit judge certifies that the appeal is not frivolous and the appeal presents a substantial question." *Oshiro v. Bachman*, 2024 U.S. Dist. LEXIS 240378, at *1 (D. Nev. Nov. 21, 2024) (internal citations and quotations omitted). Plaintiff references an appeal; however, he references an appeal by defendants. *See ECF No. 50.* To the extent that plaintiff seeks an appeal, he has not shown that the district judge has certified the appeal as non-frivolous. To the extent plaintiff means to use the transcript for his reconsideration, there is no cause stated to warrant provide plaintiff with a free copy of the transcript. Reconsideration is different from an appeal.

Denial of the motion would not be prejudicial to plaintiff. First, a written order codifying the court's order in the motion hearing was uploaded and is available for plaintiff to reference. *See ECF No. 51.* Second, denial of the motion does not preclude plaintiff from accessing the transcript. Plaintiff may order his own copy of the transcript through the appropriate transcript order form.

//
//
//
//
//
//
//

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Transcripts* (ECF No. 50) is DENIED.

2. The Clerk of Court is kindly directed to send plaintiff a copy of the Transcript Order Form.

DATED this 28th day of March 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.