UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald W. Collins,<br><br>    Plaintiff(s),<br><br>vs.<br><br>Ryan Bailey, et al.,<br><br>    Defendant(s). | 2:23-cv-00490-RFB-MDC<br><br>**ORDER** |

Pending before the Court is plaintiff's *Motion to Compel* ("Motion") (ECF No. 62). For the reasons stated below, the Court DENIES the Motion without prejudice.

## DISCUSSION

### I. BACKGROUND

The underlying claims in this case are a First Amendment retaliation claim and a Fourteenth Amendment due process claim. *See ECF No. 8, 9*. Plaintiff seeks to compel responses to his Request for Production ("RFP") and Interrogatories. *See ECF No. 62*. Defendants oppose. *ECF No. 63*.

### II. LEGAL STANDARD

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Rule 34 provides that a party may serve on another a request for production of documents, electronically stored information, or tangible things within the scope of Rule 26(b). Fed. R. Civ. P.

34(a). Where a party fails to produce documents requested under Rule 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Reflex Media Inc. v. Does*, 2022 U.S. Dist. LEXIS 243662, at *4, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (citing *Garces v. Pickett*, 2021 U.S. Dist. LEXIS 49438, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021)) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Id*. (citation omitted). The opposing party must show that the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir.1992). The opposing party must specifically detail the reason why the request is improper. *Beckman Indust.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

**III. ANALYSIS**

The Court finds that there has been a lack of a meet and confer, as required by Local Rules ("LR") 26-6 and LR IA 1-3(f). The relevant portions of LR 26-6 and LR IA 1-3 provide:

> Discovery motions will not be considered unless the movant (1) has made a good-faith effort to **meet and confer** as defined in LR IA 1-3(f) before filing the motion, and (2) **includes a declaration** setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

LR 26-6(c) (emphasis added).

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. **This requirement is reciprocal and applies to all participants.** Unless these rules or a court order provide otherwise, this requirement may only be satisfied through **direct dialogue and discussion in a face-to-face meeting, telephone conference,**

>   **or video conference.** The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.[1]

LR IA 1-3(f) (emphasis added).

>   A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

LR IA 1-3(f)(2).

Plaintiff asserts in his motion and declaration that he sent his RFPs and Interrogatories on April 3, 2025. *ECF No. 62*. Plaintiff states that rather than a response, he received Initial Disclosures on April 28, 2025. Plaintiff states that when he received no response to his RFPs and Interrogatories after the 30-day mark, he sent a letter to the Attorney General's Office on May 6, 2025 ("5/6/2025" letter). Plaintiff then filed this instant motion on May 16, 2025. The Court finds that there has been a lack of meet-and-confer.

Counsel for defendants' declaration states that the 5/6/2025 letter was received on May 12, 2025. *See ECF No. 63 at* 2. The letter did not contain courtesy copies of the RFPs and Interrogatories. *Id.* Counsel reports that even after inquiring with legal secretary and staff about the April 3, 2025, discovery requests, they were unable to find any communication from plaintiff in the past two months. *Id.* Upon reviewing the *Motion to Compel* (ECF No. 62), counsel noted that the RFPs and Interrogatories were sent to the Office of the Attorney General's prior address at 555 E. Washington Ave. Ste. #5900, Las Vegas NV 89104. Counsel states the *Notice of Change of Address*, filed on July 18, 2024, updated their address to 1 State of Nevada Way, Ste. 100, Las Vegas Nevada 89119. *See ECF No. 63 at 2; ECF No. 43*. Plaintiff asserts in his response that he wrote the prior address in error but sent the discovery requests to the correct address. *ECF No. 64*. The Court will not address this issue in this Order.

---

[1] LR IA 1-3(f)(1) provides an exception to the face-to-face meeting requirement for incarcerated individuals appearing pro se.

Regardless of whether plaintiff sent the RFPs and Interrogatories to the old address or the current one, the Court finds there has been a lack of meet-and-confer. It is not disputed that plaintiff's 5/6/2025 letter was sent to the correct address. Defendant states, and plaintiff does not dispute, that the letter was received on May 12, 2025. *ECF No. 63.* Plaintiff filed the *Motion to Compel* (ECF No. 62) on May 16, 2025. Waiting a mere ten days before filing the motion, with no further attempts at conferring, does not constitute a good faith effort. Furthermore, plaintiff does not respond to defendants' statement that they will attempt to respond to plaintiff's RFPs and Interrogatories by June 15, 2025. Because defendants have responded that they will attempt to respond to plaintiff's discovery requests, the Court will deny the *Motion to Compel* without prejudice.

Parties are reminded that the meet-and-confer requirement applies to **both** parties. *Las Vegas Skydiving Adventures LLC v. Groupon, Inc.*, 2020 U.S. Dist. LEXIS 191754, *4 (2:18-cv-02342-APG-VCF, Decided October 16, 2020). Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion. LR IA 1-3(f)(4); *see also Cardoza v. Bloomin' Brands,* 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) ("A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention.").

**IV. CONCLUSION**

The Court finds that there has been a lack of meet-and-confer and therefore denies the *Motion to Compel* without prejudice for this reason. Defendants indicated that responses to the RFPs and Interrogatories will be provided by June 15, 2025. Therefore, the Court also finds that the motion may be potentially moot. The Court will deny the motion without prejudice to give plaintiff an opportunity to review defendants' responses, if any, and meet-and-confer with defendants.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Compel* (ECF No. 62) is DENIED WITHOUT PREJUDICE.

2. Defendants are directed to file an affidavit reporting whether they have responded to plaintiff's discovery requests.

3. If other discovery disputes remain, parties are directed to first conduct a good-faith and meaningful meet-and-confer parties before filing and discovery motions.

DATED this 25th day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.